UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KRISTI SOMMER,                           )
                                         )
        Plaintiff,                       )
                                         )
            v.                           )    Case No. 3:08-CV-522 JD
                                         )
CITY OF ELKHART,                         )
                                         )
        Defendant.                       )

SCHEDULING, PRETRIAL CONFERENCE, AND TRIAL ORDER

A scheduling conference was held in this cause on July 15, 2010.  Mr. Andrew Jones

represented the Plaintiff, and Ms. Julie Havenith represented the Defendant.

The Court set the following deadlines:

1.    No further discovery or dispositive motions being anticipated, no deadlines were set in this
      regard; however,

2.    Counsel for Plaintiff is to prepare and file the proposed final pretrial order by **October 7,
      2010**, with the exchange of the parties' contentions and witness and exhibit lists to be made
      consistent with Fed. R. Civ. P. 26(a)(3).  The proposed final pretrial order shall contain: a
      jurisdictional statement; a joint concise statement describing the case in an impartial and
      easily understood manner which will be read to the jury panel before voir dire; a brief
      description of the claims (and defenses) to be tried and the law pertaining to each element
      of the issues; stipulations of fact; and exhibit and witness lists. *See* N.D. Ind. L.R., App. A.
      The proposed pretrial order shall be filed electronically on CM/ECF, and submitted via e-
      mail to chambers at deguilio_chambers@innd.uscourts.gov in Word Perfect or Word format
      (not PDF).

The Court scheduled the following:

1.    A final pretrial conference is SET for **10:00 a.m. (South Bend time) on October 14, 2010**
      (and individuals with settlement authority may be required to attend); and,

2.    A 3-day jury trial is SET to commence at **9:30 a.m. (South Bend time) on Tuesday,
      November 16, 2010** in the first floor courtroom in South Bend, Indiana.  In the event that
      the case is settled on the day of trial and/or during trial before a verdict is reached, any and
      all jury costs will be assessed to either one or both of the parties.

<u>PRETRIAL CONFERENCE and TRIAL</u>

**A.** **<u>Deadlines prior to final pretrial conference (as detailed herein).</u>**

1. <u>At least **21 days** before the final pretrial conference</u>, copies of all **exhibits** must be provided to opposing counsel (but **not** filed with the Court).

2. <u>At least **14 days** before the final pretrial conference</u>, the following are due:
   a. any **evidentiary objections to another party's expert witness**, *see infra* ¶ D(2)(b),
   b. the **plaintiff's trial brief**, *see infra* ¶ E(2), and
   c. **proposed jury instructions, verdict forms, voir dire questions**, *see infra* ¶ F(1), together with submission by email to the Court, *see infra* ¶ F(4).

3. <u>At least **7 days** before the final pretrial conference</u>, the following are due:
   a. **opposing parties' trial briefs**, *see infra* ¶ E(3),
   b. **objections to proposed jury instructions, verdict forms, and voir dire questions**, *see infra* ¶ F(2),
   c. any supplemental memoranda concerning **objections to the admissibility of any document or exhibit**, *see infra* ¶ G(2),
   d. **motions in limine**, *see infra* ¶ H, and
   e. any supplemental memoranda concerning **objections to portions of depositions**, *see infra* ¶ I.

4. <u>At least **2 business days** before the final pretrial conference</u>, the following are due:
   a. **any supplementary trial brief**, *see infra* ¶ E(4), and
   b. any **response to motions in limine**.

**B.** **<u>Explanation of Order.</u>**

The deadlines for the pretrial conference are established to enable the Court to conduct the final pretrial conference in an informed, productive manner. These deadlines may differ from earlier orders issued and the timing of events may differ. The pretrial deadlines are not meant to be burdensome or to make trial preparation more difficult. Instead, the deadlines are meant to enable the undersigned to be fully prepared to preside over the trial of this case, and thus, deadlines will not be extended without good cause. Further, counsel who have not identified their witnesses and

physical or documentary evidence as ordered, will be precluded from offering the same at trial,

except upon a showing of good cause.

**C.**     **Purposes of Final Pretrial Conference.**

The Court views the pretrial conference as the first day of trial. At the pretrial conference,

the Court may:

1.     discuss settlement, consistent with Fed. R. Civ. P. 16(c)(2)(I) and N.D. Ind.
       L.R. 16.1(e);
2.     discuss with specificity the substance of the testimony of testifying witnesses;
3.     discuss potential stipulations of fact, consistent with Fed. R. Civ. P.
       16(c)(2)(C);
4.     discuss the issues to be tried and any issues that may be removed from the
       case;
5.     discuss elimination of unnecessary witnesses and exhibits;
6.     discuss the precise length of trial;
7.     review jury selection procedures; and
8.     to the extent feasible, rule on motions in limine and objections to exhibits,
       *see infra* ¶¶ G, H (concerning the pre-conference submission of objections
       and motions in limine).

**D.**     **Witness Lists.**

1.     <u>Non-Expert Witnesses</u>.
       The pretrial order must set forth the names, addresses, and occupations of all
       witnesses any party intends to call.  No separate list need be filed with respect to
       non-expert witnesses.

2.     <u>Expert Witnesses</u>.

       a.     <u>Expert Witness List</u>.
              Expert witnesses shall be disclosed in accordance with Fed. R. Civ. P.
              26(a)(2) and the scheduling order entered pursuant to Fed. R. Civ. P. 16(b).

       b.     <u>Objection as to Qualifications</u>.
              Any evidentiary objections to another party's expert witness, whether
              directed to the witness's qualifications or to the foundation for the anticipated
              testimony, must be filed at least **14 days** before the final pretrial conference.
              Failure to file such objections will be deemed a waiver of any objection to
              opinion testimony outlined in the statement filed by the witness's proponent.

**E.**     **Trial Briefs.**

1. <u>Requirement of Filing</u>.
Trial briefs must be filed and served on all other parties. A trial brief must identify the issues to be tried; the elements of the claim(s) involved in the action; any stipulations entered into by the parties; evidentiary questions and any other legal issues reasonably anticipated to arise at trial (along with citations to legal authority in support of evidentiary or legal issues); and identify the anticipated testimony of each witness.

2. <u>Plaintiff's Trial Brief</u>.
The plaintiff's trial brief must be filed at least **14 days** before the final pretrial conference.

3. <u>Opposing Parties' Trial Briefs</u>.
Opposing parties' trial briefs must be filed at least **7 days** before the final pretrial conference.

4. <u>Supplementary Briefs</u>.
Any party that deems it necessary may file a supplementary brief at least **2 business days** before the final pretrial conference.

**F.** **<u>Jury Instructions, Verdict Forms, and Voir Dire Questions</u>.**

1. <u>Filing with the Court</u>.
At least **14 days** before the final pretrial conference, you must file any proposed jury instructions and verdict forms (identifying the source and/or supporting authority for each proposed instruction) and proposed voir dire questions. The Court requires counsel to confer before this deadline to prepare to the extent possible, joint proposed instructions, verdict forms, and voir dire questions, thus saving attorney time, client expense, and court time. Counsel are urged to consult the Seventh Circuit's Pattern Civil Jury Instructions. The Court's standard instructions on burden of proof, credibility of witnesses, deliberations, etc., are attached to this order, and these same instructions should **not** be resubmitted. The Court will conduct the bulk of the voir dire, but if both sides wish, the Court also will allow each side 10 minutes for attorney-conducted voir dire.

2. <u>Objections to Proposed Jury Instructions</u>.
Any written objections to jury instructions, verdict forms, and/or voir dire questions proposed by other parties must be filed at least **7 days** before the final pretrial conference. To preserve any claim of error under Rule 51 of the Federal Rules of Civil Procedure, the Court will, on the record, deem the parties' objections to the instructions renewed at the close of the evidence and again before the jury retires to deliberate its verdict.

3. <u>Additional Instructions at Trial</u>.

If any party finds it necessary to file additional requested instructions due to the development of unanticipated issues, trial counsel shall so inform the Court and opposing counsel as early as possible.

4.    <u>Additional Electronic Submission</u>.
Proposed jury instructions, verdict forms, and voir dire questions shall be submitted via e-mail to chambers at deguilio_chambers@innd.uscourts.gov in Word Perfect or Word format (not PDF), as well as being filed electronically on CM/ECF.

## G.    <u>Exhibits.</u>

1.    <u>Disclosure to Opposing Counsel</u>.
At least **21 days** before the final pretrial conference, you must assemble all exhibits that may be introduced in evidence at the trial (including any deposition exhibits that may be offered at trial) and all other demonstrative or illustrative items that may be used at trial, and make copies of each item available to other counsel. Any exhibit not disclosed at that time cannot be used at the trial for any purpose other than impeachment or refreshing recollection. Relief from this prohibition will be afforded only upon a showing that the need for the exhibit could not reasonably have been foreseen by the time fixed for its production (**21 days** before the final pretrial conference); even then, you must disclose the exhibit to all other parties and the Court as soon as the need for the exhibit is known. This requirement is in addition to the disclosure requirements of Fed. R. Civ. P. 26(a)(3).

2.    <u>Objections to Exhibits</u>.
Counsel shall comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3), except that written objections to the admissibility of any document or exhibit shall be submitted at least **7 days** before the final pretrial conference, along with appropriate memoranda citing points and authorities, as to why the same should not be admitted.

3.    <u>Exhibits at Trial</u>.

    a.    <u>Evidence Binders</u>.
Copies of all exhibits that may be introduced in evidence shall be assembled into binders, marked by number or letter (plaintiff's exhibits should be marked by numbers, and defendant's exhibits by letters), and set apart by dividers within the binder. You must produce 2 such binders at trial: 1 for the Court and 1 for opposing counsel.

    b.    <u>Presentation of Exhibits</u>.
The Court highly recommends the use of its digital exhibit display system in questioning witnesses about exhibits. Counsel may, alternatively, produce an exhibit binder with the original exhibits for the witnesses.

     c.       <u>Exhibit List for Clerk</u>.

              You must prepare a list of your exhibits for the courtroom deputy clerk and submit this list of exhibits to the courtroom deputy at the beginning of the trial. You need not prepare an additional binder of exhibits for the courtroom deputy clerk.

**H.**     **Motions in Limine.**

Any motions in limine shall be filed at least **7 days** before the final pretrial conference, together with appropriate memoranda citing points and authorities. You may raise as many issues in a motion in limine as the case makes appropriate, but you may only file 1 motion. Oral motions in limine will be allowed only for good cause shown. Motions should identify the evidence at issue with specificity. Any response to motions in limine shall be filed at least **2 days** before the final pretrial conference, and shall state, if applicable, that there is no objection to the granting of any part of a motion in limine.

**I.**     **Depositions.**

Fed. R. Civ. P. 26(a)(3)(B) and the scheduling order entered in this case pursuant to Fed. R. Civ. P. 16(b) shall govern any in-trial use of depositions other than for impeachment. No deposition presented at trial shall take more than 60 minutes, including the use of summaries and excerpts, unless leave of Court is obtained prior to the commencement of trial.

**J.**     **Miscellaneous.**

Jury Questionnaires will be available for review by counsel at the Clerk's office on the Friday before trial after 2:00 p.m. Copies of the jury questionnaires will also be available to counsel during jury selection on the first day of trial. The jury questionnaires will be retrieved from counsel by the courtroom deputy clerk after jury selection has been completed. For future reference, counsel are encouraged to visit Judge DeGuilio's website at http://www.innd.uscourts.gov/DeGuilio.shtml, which will be updated as to the Court's case management, jury selection procedure, and trial preferences. With regard to any questions which remain unanswered, including any assistance needed with regard to courtroom technology, counsel may contact the courtroom deputy clerk, Scott Jackson at 574-246-8171.

SO ORDERED.

ENTERED:  <u>July 16, 2010</u>

                <u>/s/ JON E. DEGUILIO</u>

                Judge
                United States District Court

# FINAL CIVIL JURY INSTRUCTIONS

## (1)

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow [sympathy/prejudice /fear/public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Seventh Circuit Federal Civil Jury Instructions § 1.01.**

(2)

The evidence consists of the testimony of the witnesses, [and] the exhibits admitted in evidence, [and stipulations].

[A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony].]

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

**Seventh Circuit Federal Civil Jury Instructions § 1.04.**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Federal Civil Jury Instructions § 1.06.**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Seventh Circuit Federal Civil Jury Instructions § 1.07.**

(5)

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Seventh Circuit Federal Civil Jury Instructions § 1.08.**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Seventh Circuit Federal Civil Jury Instructions § 1.11.**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Federal Civil Jury Instructions § 1.12.**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; [the witness's age]; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Federal Civil Jury Instructions § 1.13.**

(9)

It is proper for a lawyer to meet with any witness in preparation for trial.

**Seventh Circuit Federal Civil Jury Instructions § 1.16.**

(10)

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Seventh Circuit Federal Civil Jury Instructions § 1.17.**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Seventh Circuit Federal Civil Jury Instructions § 1.18.**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Federal Civil Jury Instructions § 1.27.**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Seventh Circuit Federal Civil Jury Instructions § 1.32.**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

**Seventh Circuit Federal Civil Jury Instructions § 1.33.**

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Seventh Circuit Federal Civil Jury Instructions § 1.34.**